## Case No. 8,417.

### LIVINGSTON v. PRATT.

[Brown, Adm. 66.] [1]

Circuit Court, D. Michigan. June Term, 1857.

PRACTICE AT LAW—SUPPRESSION OF DEPOSITION—RETURN TO COURT—IN POSSESSION OF OPPOSING ATTORNEY.

1. Though a deposition be taken under a stipulation waiving "all objections as to the form and manner of taking," it must still be returned to court in all respects, as provided by law.

2. Where a deposition so taken was left for several months in the hands of defendant's attorney, and was not placed on file until the morning of the trial, it was *held* it could not be read.

Motion to suppress a deposition. On the 3d of July, 1856, by stipulation between the parties, it was agreed that the testimony of one Whittemore might be taken before a United States commissioner, "subject to all legal objections for irrelevancy and incompetency, but all objections as to the form and manner of taking being hereby waived, and that said deposition may be used as evidence on the trial of this cause, as if regularly taken under the act of congress." The deposition was taken on behalf of the defendant. It was indorsed as follows: "I certify that, on the 18th June, 1857 (the day of trial), I received the within deposition from the hands of C. C. Jackson, Esq., the commissioner who took the same; that the same was handed to me in open court by said Jackson in person, and the same was without envelope. Jno. Winder, Clerk." Upon the motion the affidavit of the plaintiff's attorney was read, to the effect that he had been informed, the day before, by the defendant's attorney, that the deposition had never been returned and filed, or delivered to the clerk, and that the same had been for several months in the possession of defendant's attorney; that, upon inquiry of the commissioner, he was informed that the deposition was not in his custody, but that he had delivered it to defendant's attorney several months before; that, when the cause was called up for trial, the deposition had not then been filed. A further affidavit was read to the effect that, about three months after the deposition was taken, the witness had written to the defendant's attorney, stating that he was mistaken in his testimony, and desiring it retaken; and that the witness had since died. The 30th section of the judiciary act [1 Stat. 88], relating to testimony taken de bene esse, provides that "the depositions so taken shall be retained by such magistrate until he deliver the same with his own hand into the court for which they are taken, or shall, together with a certificate of the reasons as aforesaid of their being taken, and of the notice, if any, given to the adverse party, be by him, the said magistrate, sealed up and directed to such court, and remain under his seal until opened in court."

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

Messrs. Wells, Cook, and Lothrop, for plaintiff.

Messrs. Campbell and Hand, for defendant.

HELD BY THE COURT: McLEAN, Circuit Justice. (1) That, notwithstanding the stipulation, the deposition should have been returned in all respects, as provided by the act. (2) That the deposition, having been retained in the hands of defendant's attorney for a long time, and being placed on file on the morning of the trial for the first time, could not be read in evidence.